[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs commenced this action by a four count complaint, dated September 19, 1994. Prior to trial, plaintiffs withdrew the second and fourth counts of their complaint and proceeded to trial on the first count, seeking to quiet title to a parcel of real property, and the third count, seeking to recover possession of the property. At trial the defendants withdrew their counterclaim.
The facts are, for the most part, not in dispute. The exhibits, admitted by stipulation, are for the most part certified copies of documents amassed from either the Norwalk Land Records or the files of the Bridgeport J.D. court files.
On August 30, 1985, Vance Johnson and Susan J. Landise executed a note for a $240,000.00 loan from First Federal Bank of Connecticut. The loan was secured by a first mortgage of property known as 260 Rowayton Avenue, Norwalk, Connecticut (the "Premises"). The Mortgage Deed was recorded on September 5, 1985 in Volume 1749 at Page 221 of the Norwalk Land Records.
On November 22, 1988, Vance Johnson and Susan J. Landise executed a note for $178,500.00. This was a home equity cash reserve loan from First Constitution Bank ("the "Bank"). The loan CT Page 368 was also secured by a mortgage of the Premises. The Mortgage Deed was recorded on December 2, 1988, in Volume 2279 at page 176.
First Constitution Bank was the successor to First Federal Bank of Connecticut.
By Writ and Complaint dated November 1, 1989, with a return date of December 5, 1989, First Constitution Bank commenced a foreclosure action against Vance Johnson and Susan J. Landise. For some unknown reason the Banks lawyer foreclosed against the home equity cash reserve mortgage, dated November 22, 1988, and recorded in Volume 2279 at page 176 of the Norwalk Land Records. Notice of this action was given by lis pendens recorded on November 2, 1989, in Volume 2390 at Page 266 of the Norwalk Land Records.
On May 11, 1990, the defendant Carole D. Sherwood, an abutting property owner, received a Quit-Claim Deed from Vance Johnson and Susan Johnson, formerly Susan Landise, conveying a sliver of land along the northerly boundary of the property which is the subject of the foreclosure. The sliver abuts the southerly boundary of defendant's property. The Quit-Claim Deed was recorded on June 5, 1990 and appears in Volume 2453 at Page 242 of the Norwalk Land Records.
Had the Bank proceeded with the foreclosure of the home equity cash reserve loan, the interests in the premises of Carole D. Sherwood would have been foreclosed by operation of the lis pendens statute. On July 9, 1990, a judgment of foreclosure by sale was entered but no sale took place, as the judgment was reopened and the sale date extended.
The bank, however, for some unknown reason amended its complaint by adding a second count seeking to foreclose the first mortgage from the same mortgagors encumbering the premises. The amended complaint was dated March 22, 1991. At that time, counsel for the bank apparently conducted a title search and discovered the quit-claim deed to Carole Sherwood. A new lis pendens was filed on June 4, 1991, and appears in Volume 2545 at page 344 of the Norwalk Land Records.
On February 7, 1992, counsel for the bank filed a Motion To Cite In Party Defendant, Carole D. Sherwood. For some unknown reason, counsel for the bank never signed the summons directed to Carole D. Sherwood. The motion was never heard by the Court and, CT Page 369 of course, never signed by this Court. She was never served and brought into the amended foreclosure action.
The deed to Carole D. Sherwood is dated May 11, 1990, and is recorded in Volume 2453 at Page 242. The lis pendens referencing the mortgage that was foreclosed is dated May 30, 1991, and is recorded in Volume 2545 at Page 344.
The purchaser at a foreclosure by public sale takes whatever title the foreclosing entity possessed, and the Court finds that the Bank never perfected its claim in its foreclosure action as to the strip of land conveyed to Carole Sherwood.
The foreclosure action which resulted in the conveyances to the plaintiffs in this action did not affect title to the strip of land conveyed to Carole Sherwood.
Accordingly, judgment shall enter for the defendant.
Dated at Stamford, Connecticut this 10th day of January, 1997.
RICHARD J. TOBIN, JUDGE